IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALI ASGHAR SAFARI ,<br><br>*Petitioner*,<br><br>VS.<br><br>TODD BLANCHE in His Official Capacity as the United States Attorney General; MARKWAYNE MULLIN in His Official Capacity as Secretary of the Department of Homeland Security; TODD M. LYONS in His Official Capacity as Acting Director of the U.S. Immigration and Customs Enforcement, and LETICIA DIAZ,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. SA-26-CV-0481-FB |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on June 2, 2026 (ECF No. 12); Respondents' Objections to the Report and Recommendation filed on June 16, 2026 (ECF No. 15); and Petitioner's (1) Response to Respondent's Objections, (2) Advisory as to Continued Detention, and (3) Motion to Expedite Ruling filed on August 18, 2026 (ECF No. 18).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). On the other hand, any Report or Recommendation to which there are objections requires de novo

review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Bemporad recommends that the Petition for Writ of Habeas Corpus filed by Petitioner Ali Asghar Safari (ECF No. 1) be GRANTED, and that Petitioner be ordered released within 48 hours of this Court's order. (ECF No. 12 at page 6).

In their objections, Respondents simply "reassert all arguments presented in ECF No. 7" (Federal Respondents' Response in Opposition to Petitioner's Writ of Habeas Corpus) and object to the recommendation that release should occur within 48 hours of this Court's order, due to the large volume of cases and the strain of resources, and instead be given 72 hours to effectuate the Court's order.

In response, Petitioner asserts it has been more than a year since the order for his removal and the order withholding his removal to Afghanistan became final (on August 4, 2025), and he has now been detained "more than twice as long as the presumptively reasonable six-month period that the government had to effectuate his removal to a third country, per *Zadvydas*." Petitioner's Response, ECF No. 18 at page 2 (emphasis in original). Despite his extended detention, Petitioner asserts "there is still no evidence that Respondents have made any progress at all towards removing [him] to a third country. In fact, per Respondents' own evidence, the State Department has repeatedly asked ERO to refrain from taking any action to remove [the Petitioner]." *Id.* at pages 2-3. Petitioner maintains that despite the holding of *Zadvydas*, the Federal Respondents appear determined to continue his detention indefinitely. In fact, Petitioner has been advised that two

additional custody reviews have been conducted, but the determination was made that he should be detained despite any findings that he presents a danger to the community or that it is unlikely he will comply with removal to a third country. Accordingly, Petitioner contends there is no constitutional basis articulated by ICE to the Court or in its custody review decisions for his continued, indefinite detention.

The Court has thoroughly analyzed the submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters properly raised by the objections. After due consideration, the Court concludes the objections lack merit and should be overruled. The Court hereby accepts, approves, and adopts the factual findings and legal conclusions by the United States Magistrate Judge contained in the Report and Recommendation (ECF No. 12). The Report and Recommendation of the United States Magistrate Judge shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Petitioner's Petition for Habeas Corpus (ECF No. 1) shall be GRANTED and Respondents shall be ordered to RELEASE Petitioner from their custody on or before **Friday, August 21, 2026**.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge, filed in this case on June 2, 2026 (ECF No. 12) is ACCEPTED such that Petitioner's Petition for Habeas Corpus (ECF No. 1) is GRANTED such that Respondents are ORDERED to release Petitioner from their custody as set forth below:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Ali Asghar Safari (A# 221-223-410), from custody, under reasonable conditions of supervision, to a public place no later than **Friday, August 21, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3. Respondents shall **FILE** a status report no later than **Tuesday, August 25, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending, including the Motion to Expedite Ruling (ECF No. 18), are DISMISSED AS MOOT, and this case is CLOSED. A final judgment will issue separately.

It is so ORDERED.

SIGNED this 18th day of August, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE